UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

Michael Husmann, et al., )
    Plaintiffs/Appellants )
)
v. ) No. 14-1195
)
Interfood, Inc., et al., )
    Defendants/Appellees )

APPELLANTS' RESPONSE TO MOTION FOR SUMMARY AFFIRMANCE

Appellants respectfully suggest that appellees' "Motion for Summary Affirmance" is frivolous.

There is no provision in the Federal Rules of Appellate Procedure, or in the Eighth Circuit Rules, for a Motion for Summary Affirmance. The only dispositive motion allowed is a motion to dismiss for lack of jurisdiction under Circuit Rule 47A(b). Appellees, by attaching exhibits to their motion, seek to import the district court procedures in Rule 56 of the Federal Rules of Civil procedure into appellate practice. They cite no authority for doing so.

Appellees state that "the Court should summarily affirm the district court's judgment under the Court's Rule 47B." That rule only concerns itself with the necessity of an opinion, not with deciding an appeal without briefs and argument.

Appellees have attached five unreported state court memoranda to their

motion.[1]  In their Complaint herein, plaintiffs/appellants have not asked any federal court to review, reverse, or reject any of these orders, or to find that they were wrongly decided.  These orders, and the contents of the memoranda supplementing them, are not remotely relevant to any issues on this appeal.

Appellees also have attached a copy of a Petition for Writ of Certiorari filed by plaintiffs/appellants, which was denied.  Appellees should be quite aware that denial of a petition for writ of certiorari has no precedential value whatsoever.

Without citing any reference to any allegations in plaintiffs' complaint, appellees represent to this Court: "appellants seek to challenge or invalidate judgments that have been the subject of numerous appeals already."  This is a false representation.  Appellants' complaint does not "seek to challenge" any state court judgment; appellants' complaint does not "seek to  .  .  .   invalidate any judgments" of any state court.

Not deigning to cite any substantive authority in their motion, appellees aver that the District Court's dismissal order is "amply justified  .  .  .  by  .  .  . the settled law."  The "settled law" referred to is the so-called "Rooker-Feldman doctrine."  There is no "doctrine" in federal jurisprudence less "settled" than the

---

[1] Each of these begins: "This memorandum is for the information of the parties  .  .  .  . THIS STATEMENT DOES NOT CONSTITUTE A FORMAL OPINION OF THE COURT.  .  .  .  IT SHALL NOT BE REPORTED, CITED, OR OTHERWISE USED IN UNRELATED CASES BEFORE THIS COURT OR ANY OTHER COURT."

"Rooker-Feldman doctrine." There are literally hundreds of federal cases discussing, interpreting, applying (or refusing to apply) Rooker-Feldman. In fact, the headnotes from such cases occupy an entire volume of the Federal Digest.

Appellees opine that they are concerned about "further expenditures of time and resources by the Court or by the appellees." The notice of appeal herein was filed January 10, 2014. This motion was filed on March 17, 2014. There is nothing in appellees' motion to indicate that it could not have been filed at any time in the interim. Instead, they waited until counsel for appellants had researched, prepared, and filed his brief. Obviously, appellees were not at all concerned with expenditures of time and resources by appellant.

The District Court Order of Dismissal was entered *sua sponte* without notice or opportunity to be heard. Appellees seek to perpetuate this stifling of debate, discussion, and dissent into the appellate process. Appellants are confident that the Eighth Circuit will give them their day in court.

/s/ Alan Kimbrell /s/ 18397
Alan Kimbrell #18397
2901 Daniell Circle
Bellevue, NE 18392